HANNAY *v.* ZERBAN.

*(City Court of New York, General Term.* December 24, 1889.)

MASTER AND SERVANT—CONTRACT—TERMINATION.

    A contract of employment, containing reciprocal obligations, provided that, "without just cause of complaint," it was intended to be for one year, but in a subsequent clause provided, "Monthly notice required of either party." *Held* that, as the right to discharge for a breach of conditions existed independently of such clause, to render the same effective, the contract would be construed to be for a yearly hiring, subject to the right of an earlier termination by a month's notice, irrespective of a "just cause of complaint."

Appeal from trial term.

    Action by George B. F. Hannay against Andrew Zerban, for breach of a contract made by the plaintiff with the Lenox Institute, of which the defendant is proprietor, June 18, 1888, in these words:

    "*Mr. G. B. F. Hannay, City*—DEAR SIR: I hereby purpose to stipulate the terms and conditions under which you will act as teacher at the Lenox Institute: (1) It is intended that you shall teach mathematics, history, geography, and the branches of the English language, as you may be desired, and in accordance with the requirements of the school. (2) That you will devote your entire time and energy to teach only pupils of the Lenox Institute and the Lenox Annex, as may be assigned to you. (3) That your attendance at school shall average daily from 8:30 A. M. until noon, and on Monday, Tuesday, Thursday, and Friday, from 1 till 5:30 P. M. (4) During the time of the summer vacations you will attend one month, daily, 2 hours, between 8 and 10 A. M., at school, to correct the repetition and preparatory lessons of the pupils. (5) Whenever you are desired to do so, you will represent towards visitors or relatives, or representatives of pupils, the institute, as well within as without the institute building. (6) Without any just cause of complaint on the part of the institute, it is understood that your engagement with the Lenox Institute is by this instrument intended to be for one year, viz., from the 1st day of Septbr. a. c. until the same date in 1889. (7) The summer vacations terminate with the 1st of Septr., after which date, until the formal opening of the school, a from 3 to 5 hours' daily attendance may be required of you at school. (8) Your monthly salary of $90 will be paid to you on the last day of each month. (9) You will teach from the lowest elementary class to the highest ones which the institute may form. (10) Monthly notice required of either party.

    "Accepted:    G. B. F. HANNAY.
                "ANDREW ZERBAN."

    The plaintiff performed services under the contract until December 31, 1888, when such performance ceased by reason of a notice served by the defendant, November 28, 1888, whereby he elected to terminate the contract. The plaintiff claims that the contract, by force of the sixth clause thereof, extended till September 1, 1889, and that it was not affected by the tenth clause, or the notice given thereunder, and the action is to recover, as damages for the wrongful discharge, the sum of $522.95, being the amount of the monthly salary up to September 1, 1889, less $197.05, earned in other employments between that date and the date of the discharge. The defendant claimed that the contract terminated December 31, 1888, by force of the notice served under the tenth clause. The trial judge adopted this view of the contract, and dismissed the complaint, and from the judgment entered on such dismissal plaintiff appeals.

    Argued before McADAM, C. J., and EHRLICH, J.

    *Robinson, Scribner & Bright,* for appellant.    *Ernest Hall,* for respondent.

    PER CURIAM. The contract must be construed so as to give force, effect, and meaning to each and every provision thereof, according to the presumed intention of the parties. *Ripley* v. *Larmouth,* 56 Barb. 21. Although the

sixth clause contemplates a yearly hiring, it was, by operation of law, conditional upon the performance of certain reciprocal obligations. If the institute failed to pay salary according to the contract, the plaintiff had the right to withdraw from the service. If, on the other hand, the plaintiff failed to perform his duties in a proper manner, or if he misconducted himself, the defendant had the right to discharge him. These rights existed by operation of law, independently of the tenth clause of the contract. What does this clause mean? It certainly does not mean that, if the institute failed to pay the plaintiff according to the contract, he must nevertheless continue his services until the expiration of a month's notice of his election to withdraw for the breach, nor does it mean that, if the plaintiff was guilty of gross misconduct, the institute must permit him to go on until the termination of a like notice. Assuming this to be so, what practical meaning can be given to the tenth clause? It seems to us it must relate to the sixth clause, in regard to the term of hiring, or to nothing. Either party might give the month's notice, and by it accomplish something. What? A careful reading of the contract will show that the only thing "either" or "both" parties could accomplish by the notice was to shorten the term of service. It could accomplish nothing else.

Effect can be given to the tenth clause only by holding that the hiring was for one year, reserving the right to either party to terminate the contract sooner by giving to the other a month's notice of his election to terminate the same. This was the evident intent and meaning of the parties, and we must give effect thereto, *verba aliquid operari debent*. True, the tenth clause is silent as to the part of the contract to which notice was to apply; but in such a case we apprehend that it applies to each and every clause thereof to which it may consistently be made applicable. It can be applied to the sixth clause without doing violence to the language thereof, for the two clauses read together make an harmonious whole, and, so construed, the contract provides for a yearly hiring, subject to a more speedy and equally certain termination by the service of a one month's notice by either party. This is in conformity to the rule that the whole contract should be considered in determining the meaning of any or all its parts. 2 Pars. Cont. (7th Ed.) bottom p. 633, and cases cited. The appellant argues that the one month's notice could be given by the defendant, only in case of "just cause of complaint on the part of the institute." If we adopt this construction, we must hold that if the plaintiff was guilty of misconduct, no matter how great, he could not be discharged until after the termination of one month's notice; or, if he was discharged, he was to have at least one month's pay without the performance of any services. We cannot agree to this construction of the contract. The performance of services was the consideration for the salary. One was to compensate the other, and when the one ceased the other party was absolved from his obligation. The notice gave the plaintiff a month's time to find other employment, and gave the defendant equal time to find a person more acceptable in the plaintiff's place. The plaintiff, having been paid up till December 31, 1888, the day on which the month's notice took effect, it follows that, as the contract terminated then by force of the notice, the plaintiff had no lawful claim thereafter, and the trial judge properly dismissed his complaint.

The judgment entered on such dismissal must be affirmed, with costs.